## State v. James G. Parker.

The 94th section of the Act of 1855, relative to crimes and offences, which punishes by fine and imprisonment the selling by retail of spirituous liquors without a license, is not repealed by the Act of 1855 relative to drinking houses, but is still in force.

APPEAL from the District Court of the Parish of St. Helena, *Wilson*, J.

*T. J. Semmes*, Attorney General, for State. *Pond, Taylor & Martin*, for defendant and appellant.

MERRICK, C. J. The accused was indicted for retailing spirituous liquors without obtaining a license, and sentenced to pay a fine of $400, and in default of payment, to be imprisoned for four months.

He contends on his appeal to this court, that the statute under which he has been prosecuted has been repealed. The prosecution is based upon the 94th section of Act No. 120 (the Act of 14th March) 1855, relative to crimes and offences. The section is in these words :

" Sec. 94. Be it enacted, &c., That whoever shall keep a grog or tipling shop, or retail spirituous liquors, without previously obtaining a license from the Police Jury, town or city authorities, on conviction, shall be fined not less than one hundred, nor more than five hundred dollars, and in default of payment, shall be imprisoned not less than fifteen days, nor more than four months."

This is a substantial reënactment of the 7th section of the Act of April 2d, 1852, p. 166.

The Act relative to crimes and offences of 1855 contains the usual repealing clause, which has occasioned so much perplexity in interpreting the Acts of that year.

At the same session, another Act was passed entitled " An Act relative to drinking houses," which was approved the same day (March 14th, 1855,) with the Act relative to crimes and offences, and bears a later number, viz, No. 126. The Act relative to drinking houses confers upon the Police Juries, &c., " the exclusive power to make such *laws* and such *regulations for the sale or prohibition* of the sale of intoxicating liquors, as they may deem advisable," &c. This Act also repeals all laws contrary to the provisions of the same, and all laws on the same subject-matter, except what is contained in the Civil Code and Code of Practice.

At the same session of the Legislature, the Act to provide a revenue was passed, being No. 346, and approved the 15th of March, 1855. This Act fixed the State Tax on bar-rooms, grog-shops, and retailers of spirituous liquors in quantities less than one gallon, at one hundred dollars. The fourth section of the same Act makes it unlawful to follow any trade or profession enumerated subject to taxation, before paying the tax levied thereon, and imposes a penalty of not less than $250, nor more than $1000, for a contravention of that Act. This Act is also accompanied by the same repealing clause.

Act No. 120 was promulgated March 18th, No. 126 April 27, and No. 346 July 8, 1855.

The Act relative to the revenue may be disposed of by a single remark. It is not on the same *subject-matter* as section 94 above recited. It imposes a penalty for not *paying the tax ;* sec. 94 imposes a penalty for *not obtaining a license.*

As it respects the two Acts of 14th March, it is argued, that *that* relative to drinking houses has conferred *exclusive power* upon the Police Juries, &c., *to regulate* the sale and *prohibit* the sale of spirituous liquors; that if the power be ex-

clusive, it cannot exist elsewhere, and therefore, there cannot be any law in force *prohibiting* the sale of spirituous liquors, until the Police Jury have acted, have themselves prohibited the sale; that the sale of spirituous liquors is not *malum in se*, and therefore, any one may sell until prohibited by those having exclusive power to prohibit, viz, the Police Jury, in the case at bar.

Nothing decisive can be argued from the repealing clauses of the statutes, because it would involve an examination of the minutes of the two Houses of the Legislature, to ascertain which Act was introduced prior in time, or which was passed last in either house. And so far as it respects the signature of the Governor, nothing could be known; for it would be unsafe to infer that he had signed the Acts in the order in which they are numbered. An Act is perfect in itself so soon as signed by the Governor; all citizens are bound to obey it, so soon as promulgated. The promulgation of a repealed or unconstitutional statute cannot infuse vitality into the same. If not, the promulgation of a law has no influence on the question of its repeal.

The two statutes, then, must be construed together, without reference to the repealing clause, and more particularly, because it is well known that the Legislature was revising the former legislation of the State, preparatory to incorporating the same into a Code, and it may be supposed that the one Act was as much the object of its care as the other. See Smith's Com., p. 755, No. 641; Acts 1854, p. 57, Preamble.

It is true, a general power to regulate the sale of spirituous liquors might imply a power to prescribe penalties for a violation of the regulations so made, and possibly the Act may be so understood as to all general matters on which the State has not itself prescribed special penalties. The first clause of the Act relative to drinking houses first passed in 1854, (see p. 154,) and reënacted in 1855, is much more general than the 94th section of the law relative to crimes. It confers upon the Police Juries the exclusive power to regulate and prohibit *the sale* of spirituous liquors generally, viz, in all quantities.

The second clause, connected with the preceding by the conjunction " and," is in harmony with, and the counterpart of sec. 94 of the Act relating to crimes and offences. It declares that the Police Jury shall have exclusive power *to grant or withhold licenses* from drinking houses and drinking shops; thus implying that this special power was not intended to be included in the preceding general delegation of power; and this is the more evident by reference to the second section of the Act, which relinquishes the right of the State to grant licenses, reserving to the same, the right only to collect the taxes on such drinking houses, or shops, as may be licensed.

It is thus quite evident, that the Act relative to drinking houses was not intended to authorize the Police Juries, &c., by any regulation, to authorize the sale of liquor by the glass in tippling houses without a license. The license was to continue a *sine qua non*, as before.

This restriction, implied by the Act itself, leaves in full operation the special provisions of section 94, relative to crimes and offences. The two statutes may be thus construed together, and the special provisions of one are not necessarily repealed by the general delegation of power to an inferior jurisdiction by the other. *Lex generalis non derogat speciali.* We think, therefore, the section 94 of the Act relative to crimes and offences still in force, and that the conviction was legal. See also *State* v. *Pratts*, 10 An. 785.

Judgment affirmed.